UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LOCKLEAR,

    Petitioner,    Case No. 1:09-cv-609

v.    Honorable Paul L. Maloney

MARY K. BERGHUIS,

    Respondent.
_____/

## **OPINION**

    This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.  Factual allegations

Petitioner Michael Locklear presently is incarcerated at the Earnest C. Brooks Correctional Facility. On September 4, 2004, he pleaded guilty in the Mecosta County Circuit Court to one count of second-degree murder, MICH. COMP. LAWS § 750.317; one count of conspiracy to commit second-degree home invasion, MICH. COMP. LAWS § 750.110a(3); and attempted first-degree home invasion, MICH. COMP. LAWS § 750.110a(2). He was sentenced on October 28, 2004 to respective prison terms of parolable life, eight years and four months to fifteen years, and three years and two months to five years. In exchange for his plea, the charge of open murder, which could have resulted in a non-parolable life sentence, was dismissed.

Petitioner filed a motion to withdraw his guilty plea in the Mecosta County Circuit Court on September 22, 2005. In his motion, Petitioner contended that his guilty plea was involuntary because of the level of his depression, his contemporaneous suicide attempts, and his treatment for mental health problems. The trial court denied the motion on January 27, 2006. Petitioner filed a delayed application for leave to appeal his conviction to the Michigan Court of Appeals on February 20, 2006. On appeal, he raised only one question: whether the trial court abused its discretion when it denied Petitioner's motion to withdraw his guilty plea. On May 30, 2006, the court of appeals denied leave to appeal for lack of merit in the grounds presented. Petitioner raised the same ground in the Michigan Supreme Court, which denied leave to appeal on October 31, 2006.

On October 25, 2007, Petitioner filed a motion for relief from judgment. In his motion, Petitioner raised five grounds:

I.  THE TRIAL COURT ABUSED [ITS] DISCRETION IN DENIAL OF THE

> DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT SUCH THAT IT WAS A MISCARRIAGE OF JUSTICE AND VIOLATION OF THE DEFENDANT'S 14TH US CONSTITUTIONAL AMENDMENT.
>
> II. DEFENDAN[T'S] RIGHT TO WITHDRAW GUILTY PLEA THAT WAS TENDERED UNINTELLIGENTLY AND INVOLUNTARILY BY INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE DEFENDAN[T'S] 6TH AMENDMENT (U.S.C.A.)[.]
>
> III. DEFENDAN[T'S] RIGHT TO WITHDRAW PLEA TO CHARGE DUE TO ACTUAL INNOCENCE, UNDER THE 14TH AMENDMENT[.]
>
> IV. DEFENDAN[T'S] RIGHT TO WITHDRAW PLEA DUE TO THE VIOLATION OF THE DEFENDAN[T'S] 5TH AMENDMENT[.]
>
> V. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE OBVIOUS ISSUE[S] THAT WOULD HAVE RESULTED IN REVERSAL[.]

(Pet. ¶ 11(a)(4), docket #1 at 4.) The circuit court denied the motion on October 25, 2007. Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, raising the same issues. The court of appeals denied the application on December 30, 2008 for lack of merit in the grounds presented. Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The application remains pending in that court.

In his habeas application, Petitioner raises the following five issues:

> I. CONVICTION OBTAINED BY PLEA OF GUILTY WHICH WAS NOT MADE VOLUNTARILY DUE TO PETITIONE[R'S] MENTAL STATE AT TIME OF ACCEPTING PLEA.
>
> II. CONVICTION OBTAINED BY A VIOLATION OF PETITIONE[R'S] CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO ASSERT AN AVAILABLE DEFENSE (SELF-DEFENSE).
>
> III. CONVICTION OBTAINED IN VIOLATION OF RIGHT TO WITHDRAWAL OF PLEA BASED ON CLAIM OF ACTUAL INNOCENCE OF CHARGE CRIME (2nd Degree Murder)[.]
>
> IV. CONVICTION OBTAINED BY A VIOLATION OF THE PROTECTION

AGAINST DOUBLE JEOPARDY[.][1]

V. CONVICTION AFFIRMED BY THE DENIAL OF EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

(Pet. ¶ 14.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). It is not entirely clear from the petition to what extent his federal claim about

---

[1] Although Petitioner lists this issue in his statement of claims, he also somewhat contradictorily appears to indicate that he intends to abandon the issue as meritless. The Court has listed the issues precisely as they are set forth in the petition.

the voluntariness of his plea was raised on direct appeal and to what extent it was first raised in his motion for relief from judgment. It is clear, however, that, at a minimum, Petitioner's habeas claims involving the effectiveness of trial and appellate counsel and double jeopardy were raised for the first time in his motion for relief from judgment. It is further clear that the Michigan Supreme Court has not yet ruled on Petitioner's appeal from the decision on his motion for relief from judgment. As a result, no question exists that Petitioner has failed to complete his exhaustion of at least some of his habeas grounds.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may continue to pursue his appeal of his motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* through decision by the Michigan Supreme Court.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the

unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on October 21, 2006. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 29, 2007. Accordingly, absent tolling, Petitioner would have had one year, until January 29, 2008 in which to file his habeas petition.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. Here, Petitioner filed his motion for relief from judgment on October 25, 2007, thereby tolling the statute of limitations after 269 days of his 365-day period had run. The statutory period will remain tolled until the Michigan Supreme Court issues its decision on Petitioner's appeal from the denial of his motion for relief from

judgment. At that time, the statute will begin running again, and Petitioner will have 96 days remaining in his limitations period in which to file a habeas application.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*). Having already filed his motion for relief from judgment and tolled the statute, Petitioner does not require the first thirty-day period. Further, he has considerably more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Plaintiff decide to abandon his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a

certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: __July 20, 2009__            /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           Chief United States District Judge